Porter, J.
The first question to be decided in this cause is, whether an attorney and *639 counsellor, duly licensed to practise in the courts of this state, can be compelled to exhibit his authority for instituting an action at law.

East'n District.

This point has been already decided, 9 Martin, 88, Hayes vs. Cuney, and I think correctly. It was there held, that the court could not presume, that any gentleman of the profession, would commence a suit unless duly empowered to do so; and that they would not require him to produce the power under which he acted, unless on a suggestion, supported by affidavit, that such power was wanting. That course was not pursued here, and I therefore think that the district court erred in requiring the attorney to shew under what authority he acted.
The next question is, whether a proper case was shewn to justify an order of sequestration ?
This suit is instituted by certain persons, partners under the late firm of John Brandt & Co. against their former co-partners, charging them with the fraudulent management of the estate; accusing them of an intention to embezzle the common effects , alleging that since the dissolution of the firm they had *640 taken the whole of the property into their hands, and had neglected to apply it to the payment of the debts.
Under this statement, which for the decision of this cause, must be taken as true, I think a proper case was made for the judicial deposit. Partners are joint owners of the property belonging to the partnership, and have each an equal right to take it into possession; if that is refused, and an adverse right set up to it, the very case is presented, when, according to law, a sequestration should be ordered. Civil Code, 418, art. 42.
If the partnership is considered dissolved, and the defendants, as agents for the late firm, the case is still Stronger; for they have no authority to keep the common effects in their hands, without the consent of those to whom these effects belong.
I think, therefore, that the order made by the district judge, quashing the sequestration, should be reversed, and that this cause be remanded, with directions to proceed in it according to law, and that the defendants and appellees pay the cost of this appeal.